### W. T. THORNTON v. THE STATE.

No. 2337.    Decided March 12, 1913.

Rehearing granted April 16, 1913.

**1.—Malicious Mischief—Knowingly Turning Stock on Inclosed Lands of Another—Recognizance—Reinstatement.**

Where the appeal was dismissed on account of a defective recognizance, but a sufficient recognizance was thereafter filed, the appeal is reinstated.

**2.—Same—Insufficiency of the Evidence.**

Where the uncontroverted evidence showed that defendant was in possession of the land upon which he is charged of knowingly turning stock without the consent of the owner, by reason of a rent contract from the latter, and that neither the land nor the crops thereon were injured by turning horses thereon, and that he had a right to control the premises for all reasonable purposes, a conviction could not be sustained. Following Coggins v. State, 12 Texas Crim. App., 109, and other cases.

Appeal from the County Court of Haskell. Tried below before the Hon. A. J. Smith.

Appeal from a conviction of knowingly turning stock on the inclosed lands of another without his consent; penalty, a fine of $10.

The opinion states the case.

*W. H. Murchison,* for appellant.—On question of insufficiency of evidence: Brumley v. State, 12 Texas Crim. App., 609; Zallner v. State, 15 id., 23; Hooks v. State, 25 id., 601; Elliott v. State, 45 S. W. Rep., 711; McCuen v. State, 68 S. W. Rep., 180, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited Wood-

·yard v. State, 19 Texas Crim. App., 516; Hooks v. State, 25 id., 601; Becker v. State, 56 Texas Crim. Rep., 92.

DAVIDSON, Presiding Judge.—The Assistant Attorney-General moves to dismiss the appeal for want of a sufficient recognizance. An inspection of the recognizance shows that the motion is well taken and must be sustained. The recognizance recites that appellant stands charged with the offense of knowingly turning stock on the inclosed lands of another without his consent,· but it does not show that appellant had been convicted or the amount of the judgment of conviction as the statute requires. Appellant may remedy this by filing, within the time allowed by law, a sufficient recognizance and by this means reinstate his appeal; but, as the matter is presented, the motion must be sustained. Wherefore, it is ordered that the appeal be dismissed.

*Dismissed.*

ON REHEARING.

April 16, 1913.

DAVIDSON, Presiding Judge.—On a former day of the term the appeal herein was dismissed because of want of proper recognizance. Since the dismissal a sufficient recognizance has been filed, and the cause is reinstated.

On the face of the matters presented by the record for disposition, there are several questions of importance. However, in view of the evidence we deem it unnecessary to discuss the various legal questions. The evidence is not controverted that appellant rented the place from Smith and his daughter, Mrs. Johnson, for the year 1911; that he went in possession and raised crops upon the premises, which consisted of about one hundred acres. In August there was a severe hail storm which ruined the cotton crop to such an extent there were only two or three bales of cotton raised on the place. There was some cane, kaffir corn and maize planted, which crops had been gathered at the time of the alleged turning in of the stock in the enclosure, which latter act occurred in November, 1911. There was no authority reserved in Smith or Johnson to control the premises, and no stipulation of any kind that appellant could not turn his stock in the enclosure. It is in evidence, and undisputed, that no injury was done to any crop by the stock being turned in the enclosure. There was a little cotton still ungathered at the time, and when Mr. Smith first objected to the horses being turned into the enclosure about November, 1911, appellant stretched a wire across the field so they could not reach the cotton. During the day his family who were gathering cotton did not permit the stock to enter that part of the enclosure, and at night they were taken out, and it seems to be undisputed that no injury was done any crop. All the crop of every kind had been gathered prior to the time of turning the stock into the enclosure except some scattering cotton. The indictment al-

leged joint possession in Smith and Johnson with appellant of the premises. There is no evidence to support this allegation. The uncontroverted evidence is that appellant was in possession of the one hundred acres for the entire year, which it is agreed lasted from the 1st of January to the 31st of December, 1911. It is also in evidence that another party rented from Smith the adjoining farm, or one across the creek from that rented by appellant. That renter turned his stock in upon the farm he had rented without objection or protest from Smith. This is undisputed. It is further in evidence and not disputed, that neither the land nor the crops were injured by turning the horses in the enclosure by appellant. The one hundred acres was controlled by and in possession of appellant for the year by the terms of his tenancy. He had a right to control the premises for all reasonable purposes. Under all the authorities appellant ought not to have been convicted on the facts. Coggins v. State, 12 Texas Crim. App., 109; Jones v. State, 18 Texas Crim. App., 366, and numerous other cases unnecessary here to cite. None of the cases are in conflict with the two cases cited, and in fact they are all in harmony with and support these cases.

The motion for rehearing is granted, and the judgment is reversed and the cause is remanded.

*Reversed and remanded.*